STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Environmental Division Unit | ENVIRONMENTAL DIVISION<br>Docket No. 124-8-14 Vtec<br>12-2-15 Vtec |

| | |
|---|---|
| North Country Sportsmen's Club Fill Material | JUDGMENT ORDER |

In these consolidated appeals, Appellant North Country Sportsman's Club appeals two determinations from the Town of Williston Development Review Board ("DRB") regarding a large fill project at the Club's shooting facility, located at 99 Gun Club Road off of Old Creamery Road in Williston, Vermont.

The Club began the fill project without first obtaining a zoning permit from the Town of Williston ("Town"). When the Town ultimately did issue a zoning permit, the permit contained a condition that all fill "address" the recommendations from the Williston Conservation Commission; the DRB adopted those recommendations in their discretionary permit approval, a copy of which was admitted at trial as Club Exhibit CC. The DRB permit did not require the Club to remove fill already at the site that did not meet this definition.

In response to complaints and requests for enforcement from Mona and Leo Boutin (neighbors of the Club), the Town Zoning Administrator determined that the Club was not required to remove noncompliant fill deposited before the Club received its permit. The Boutins appealed the Administrator's decision to the DRB, and the DRB reversed that decision, concluding that the Club is required to remove all fill—regardless of when it was deposited—that does not comply with the Williston Conservation Commission's recommendations. The Club appealed this DRB determination to this Court, which is the subject of Docket No. 124-8-14 Vtec.

In response to the DRB's decision and directive, the Town Zoning Administrator issued the Club a Notice of Violation ("NOV"). The Club appealed the NOV to the DRB, and the DRB affirmed. The Club thereafter appealed the DRB's upholding of the NOV, which is the subject of Docket No. 12-2-15 Vtec. The Town appeared in both of these matters as the Appellee. The Boutins appeared as Interested Persons.

The two appeals were coordinated for trial. The Court conducted a site visit on the first day of trial, which provided a helpful context for the evidence received at trial. Once all parties had had a full and fair opportunity to present evidence and cross-examine witnesses, the Court recessed the hearing for about forty-five minutes to consider the presented evidence and conduct some brief research. The Court then determined that it would render its Factual

Findings on the record of the merits hearing, together with a summary of its legal determinations.

For the reasons described more fully on the record of the October 2, 2015 merits hearing, the Court reverses the DRB's determinations.

In response to the Club's appeal in Docket No. 124-8-14 Vtec, the Court concludes that, because the DRB did not give notice to the Club when it issued the Club's permit that the "clean fill" condition would apply retroactively, the Town cannot now require the Club to remove any pre-existing noncompliant fill deposited before the DRB issued the Club its fill permit. In response to the Club's appeal in Docket No. 12-2-15 Vtec, the Court finds that all fill the Club deposited after it received its permit meets the Williston Conservation Commission's recommendations. Because the Club is not required to remove any noncompliant fill deposited before the permit was issued, and because all fill deposited after the permit was issued complies with the permit, the Court concludes that the Club is not in violation of its permit.

Therefore, in Docket No. 124-8-14 Vtec, the Court **REVERSES** the DRB's directive that the Club remove all noncompliant fill and, in Docket No. 12-2-15 Vtec, **STRIKES** the Notice of Violation issued to the Club.

This completes the current proceedings before this Court concerning these two coordinated appeals.

Electronically signed on October 07, 2015 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division